IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

NOV 1 3 2002

Phil Lombardi, Clerk
U.S. DISTRICT COURT

BRIDGET MATHES, )
)
PLAINTIFF, )
)
v. )  CASE NO. 02CV409K(J)
)
BERKSHIRE HATHAWAY, INC., )
A DELAWARE CORPORATION, )
)
DEFENDANT. )

## MEMORANDUM IN SUPPORT OF
## HELZBERG'S DIAMOND SHOPS, INC.'S
## MOTION TO DISMISS

Helzberg's Diamond Shops, Inc., has moved the Court to dismiss Plaintiff's Second

Amended Complaint because Plaintiff's claims are, as a matter of law, barred on their face and

the Court lacks supplemental jurisdiction over state law claims.

Plaintiff filed her action against Helzberg's Diamond Shops, Inc., on October 18, 2002,

by the filing of her Second Amended Complaint. The Second Amended Complaint alleges at

paragraph 6 that plaintiff received a right to sue letter from the Equal Employment Opportunity

Commission on or about May 3, 2002. A copy of the Right to Sue letter was attached to

plaintiff's original Complaint as Exhibit 1. The Right to Sue letter reflects the name of the

person plaintiff filed her EEOC charge against as Helzberg's Diamond Shops, Inc., and identifies

an Oklahoma address for Helzberg's Diamond Shops, Inc. Plaintiff failed to file suit against this

defendant within 90 days after plaintiff's receipt of the Right to Sue letter as October 18, 2002, is

168 days after plaintiff received her right to sue letter, or more than two and one-half months

after the period provided by statute had expired. Defendant Helzberg's Diamond Shops, Inc.,

was added as a party defendant 148 days after the original action was filed on May 23, 2002,



against Berkshire Hathaway, Inc.   Plaintiff first served notice of suit on Helzberg's Diamond Shops, Inc., on October 24, 2002.  See Summons.

No claim was brought against Helzberg's Diamond Shops, Inc., or anyone else named in the charge of discrimination within the period provided by statute.  See 42 U.S.C. § 2000e-5(f)(1).  That section provides that within ninety days after the giving of the Notice of Right to Sue, "a civil action may be brought against the respondent named in the charge."  Id. (emphasis added).   No action was brought against anyone named in the charge within such period. Plaintiff, instead, sued Berkshire Hathaway, Inc., despite her claim to have worked for Helzberg's Diamond Shops, Inc., her having filed a charge of discrimination against Helzberg's Diamond Shops, Inc., and Helzberg's Diamond Shops, Inc., being registered in Oklahoma whilst Berkshire Hathaway, Inc., was not.

Counts I and II of plaintiff's Second Amended Complaint purport to be causes of action based on Title VII of the Civil Rights Act of 1964 under 42 U.S.C. § 2000e.  Because such claims were not brought against the defendant or any respondent named in the charge of discrimination within ninety days following plaintiff's Right to Sue letter, plaintiff's claims are barred and should be dismissed.  It appears that plaintiff's suit against Berkshire Hathaway, Inc., was a calculated effort to reach the considerably deep pockets of Berkshire Hathaway, Inc., in order to strong arm a settlement.   Plaintiff intentionally sued the wrong party for strategic reasons.   Plaintiff had to go out of her way to find Berkshire Hathaway, Inc., who is not registered or doing business in Oklahoma.

Plaintiff, in her Motion for Leave to Amend, does not set forth any mistake or other cause for not joining Helzberg's Diamond Shops, Inc., in her original Complaint, other than to note

that Helzberg's Diamond Shops, Inc. is "an independent and distinct" corporation from Berkshire Hathaway, Inc.[1]

Plaintiff's Complaint against this defendant, plaintiff's Second Amended Complaint, was first filed after the period of limitations had expired.  That Second Amended Complaint does not relate back to the original Complaint because the conditions of the applicable Rule have not been met and there was no mistake in plaintiff suing Berkshire Hathaway, Inc.  "The ninety day limitations period is mandatory.  42 U.S.C. § 2000e-(5)(f)(1).  The ninety day period in which plaintiff could have filed suit against [new defendant] was not tolled by plaintiff's filing of a lawsuit against defendant."  Schejbal v. Earthgrains Co., ___ F.Supp._____, 80 FEP Cases 1598, 1599-1600 (W.D.Mo. 1999).

"The plaintiff bears the burden of proving that the failure to name the new defendant in the original pleading was a 'mistake,' and not due to strategy, lack of knowledge, or some other reason."  Bass v. World Wrestling Federation Entertainment, Inc., 129 F.Supp.2d 491, 508, 85 FEP Cases 442, E.D.N.Y. 2001 (citing, Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469-70 (2d Cir. 1995), modified on other grounds, 74 F.3d 1366 (1996); Integrated Res., 815 F.Supp. at 648.

Here, as in World Wrestling Federation, plaintiff knew of Helzberg's Diamond Shops, Inc.'s involvement when she filed her original Complaint.  She made no attempt to excuse her failure to name it as the defendant in the original action because of mistaken identity, nor would it be reasonable in light of the fact that she filed her charge of discrimination against Helzberg's

---

[1] Plaintiff falsely claimed that she was advised that Berkshire Hathaway, Inc., "is merely a holding company for Helzberg's Diamond Shops, Inc."  Instead, plaintiff was advised in an October 10, 2002 letter from Berkshire Hathaway, Inc.'s attorney to plaintiff's attorney, cited as Exhibit 1 in plaintiff's Motion for Leave to Amend Complaint and Substitute Defendant, that "Berkshire Hathaway, Inc., is essentially a holding company and has no record of [plaintiff] having ever been employed by Berkshire Hathaway, Inc.  Berkshire Hathaway, Inc., may own some or all of the share certificates of Helzberg's Diamond Shops, Inc., but I do not know and have made no inquiry."

Diamond Shops, Inc., she received her Right to Sue letter naming Helzberg's Diamond Shops, Inc., the Right to Sue letter specified an Oklahoma address for Helzberg's Diamond Shops, Inc., she received pay checks from Helzberg's Diamond Shops, Inc., and Helzberg's Diamond Shops, Inc., was registered to do business in Oklahoma, but Berkshire Hathaway, Inc., was not. Plaintiff's joinder of and notice to Helzberg's Diamond Shops, Inc., was not within the period of time provided by statute or rule and the original Complaint was based on strategy.

Plaintiff's claims against defendant in Counts I and II are barred because she failed to join defendant within ninety days from receiving her Right to Sue letter from the EEOC.

Counts III and IV of plaintiff's Complaint purport to be brought under state law and plaintiff purports to invoke the supplemental jurisdiction of the Court. As indicated above, the Court lacks primary jurisdiction because the federal causes of action are barred and consequently the Court lacks supplemental jurisdiction over the state law causes of action. The Court should decline to exercise jurisdiction over the plaintiff's state law claim in Counts III and IV.

For the foregoing reasons, defendant Helzberg's Diamond Shops, Inc. prays the Court dismiss plaintiff's Second Amended Complaint and grant defendant its costs and attorneys fees herein incurred.

McAFEE & TAFT, a Professional Corporation

By: _____

Peter T. VanDyke, OBA # 9186
Tenth Floor
Two Leadership Square
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439

AND

McDOWELL, RICE, SMITH & GAAR, P.C.,
A Professional Corporation

By: _____

Robert A. Lieberman, MO Bar # 30702
Greg T. Spies, MO Bar #31145
605 W. 47th Street, Suite 350
Kansas City, Missouri 64112
Telephone: (816) 753-5400
Facsimile: (816) 753-9996

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was mailed, postage prepaid this _13_ day of November, 2002, to:

Thomas A. Layon, OBA # 5303
Richard E. Warzyaski, OBA # 14079
Layon, Chronin, Kaiser, PLLC
Pratt Tower, 6th Floor
125 West 15th Street
Tulsa, Oklahoma 74199
Telephone: (918) 583-5538
Facsimile: (918) 585-3101

_____
Peter T. VanDyke, Esq.

5